MONIQUE C. WINKLER (Cal. Bar No. 213031)
  winklerm@sec.gov
SUSAN F. LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
REBECCA LUBENS (Cal. Bar No. 240683)
  lubensr@sec.gov
ERIN E. WILK (Cal. Bar No. 310214)
  wilke@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500 (Telephone)
(415) 705-2501 (Facsimile)

ENU MAINIGI (*pro hac vice*)
JOHN S. WILLIAMS (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: emainigi@wc.com
E-mail: jwilliams@wc.com
*Attorneys for Defendant Carrie L. Tolstedt*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                     Plaintiff,<br><br>          vs.<br><br>CARRIE L. TOLSTEDT,<br><br>                     Defendant. | Case No. 20-cv-07987-JST<br><br>JOINT INITIAL CASE MANAGEMENT STATEMENT<br><br>Date:  Tuesday, February 23, 2021<br>Time:  2:00 p.m.<br>Location:  Courtroom 6, 2d Floor<br>               1301 Clay Street<br>               Oakland, CA 94612<br><br>Honorable Jon S. Tigar |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff Securities and Exchange Commission (the "SEC"), and Defendant Carrie L. Tolstedt jointly submit this initial Joint Case Management Statement in anticipation of the initial Case Management Conference on February 23, 2021 at 2:00 p.m.

**1. Jurisdiction and Service**

The SEC alleges that this Court has jurisdiction over the SEC's claims, each brought under the federal securities laws, pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a), and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d), 78u(e) and 78aa.  On November 13, 2020, through her counsel, Ms. Tolstedt waived service of process.  (*See* ECF No. 004.)  Ms. Tolstedt does not presently contest this Court's jurisdiction.

**2. Facts**

Statement by the SEC:  The SEC alleges that from approximately 2013 through mid-2016, while acting as Wells Fargo & Company's Senior Executive Vice President of Community Banking, the defendant engaged in a course of conduct, including making statements or omissions of material fact to investors, which violated the antifraud and related provisions of the federal securities laws.  As described in the SEC's complaint, Wells Fargo claimed at the time that its business strategy was to sell to retail banking customers products that they needed, wanted, and used, and that it measured its success through its "cross-sell metric," touted as a key performance indicator that it reported in public filings.  Ms. Tolstedt described the cross-sell metric and Wells Fargo's cross-sell strategy during investor conferences, and each quarter she reviewed and weighed in on the reported metric and the statements Wells Fargo's Community Bank made in its SEC filings and reports to shareholders about the metric and the cross-sell strategy, including by providing sub-certifications as to the accuracy of those filings and reports.

The SEC alleges that contrary to the public statements, Wells Fargo's Community Bank opened millions of accounts for retail banking customers, or sold them products, that were unauthorized or fraudulent, or which were unneeded and unwanted.  The unused accounts and products artificially and materially inflated the Community Bank's cross-sell metric. As detailed in

the SEC's complaint, at several points between 2013 and mid-2016, when Ms. Tolstedt left Wells Fargo, Ms. Tolstedt acknowledged or discussed internally with close associates at Wells Fargo that the cross-sell metric included idle accounts, accounts that were the result of problematic sales practices, and that the bank needed to align its reported metric with reality. However, when addressing board members, investors, analysts who tracked Wells Fargo's stock, and even when providing her necessary and important input into Wells Fargo's required periodic reports to shareholders (including her quarterly sub-certifications as to the accuracy of the filings), Ms. Tolstedt willingly embraced a very different picture that misled investors. The SEC thus alleges that in engaging in this course of conduct, including by making materially false and misleading statements during 2014, 2015, and in 2016, Ms. Tolstedt acted either intentionally, or with reckless disregard for the truth.

Statement on behalf of Ms. Tolstedt: Ms. Tolstedt is not liable. The documents and statements to which the SEC refers in its complaint speak for themselves. The documentary evidence and testimony from percipient witnesses will show that Ms. Tolstedt did not make any misrepresentations, did not act with scienter, and did not substantially assist in any purported misrepresentation by Wells Fargo.

**3. Legal Issues**

The SEC's position: The SEC alleges violations of the securities laws by the defendant in four causes of action: primary violations, or as an aider and abettor of Wells Fargo, of Exchange Act Section 10(b) and Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; primary violations of Securities Act Section 17(a) [15 U.S.C. § 77q(a)]; aiding and abetting Wells Fargo's violations of the requirements that public companies file accurate period reports under Section 13(a) of the Exchange Act and Rules 13a-1, 13a-13, and 12b-20 [15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.13a-1, 240.13a-13, and 240.12b-20]; and aiding and abetting Wells Fargo's violations of the requirement that public companies make and keep accurate books, records, and accounts under Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

Ms. Tolstedt's position: Ms. Tolstedt asserts that the SEC will not be able to prove the elements of its claims. In addition to the ultimate questions of whether Ms. Tolstedt is liable under

the aforementioned provisions of the federal securities laws, the following, subsidiary legal issues arise:  (1) whether the statements attributed to Ms. Tolstedt give rise to a duty to disclose additional information; (2) whether the statements attributed to Ms. Tolstedt are material; (3) whether the statements attributed to Wells Fargo are false or give rise to a duty to disclose additional information; (4) whether the statements attributed to Wells Fargo are material; (5) whether Ms. Tolstedt provided substantial assistance to any material and misleading statements by Wells Fargo; (6) whether Ms. Tolstedt acted with the requisite scienter; (7) whether Ms. Tolstedt acted in the offer or sale of securities; and (8) whether Ms. Tolstedt obtained money by means of misstatements or omissions.

**4.   Motions**

To date, the sole motion filed was an administrative motion to consider whether this case should be related to the pending actions, *Gary Hefler, et al. v. Wells Fargo & Co., et al.*, No. 16-cv-05479-JST and *In re: Wells Fargo & Company Shareholder Derivative Litigation*, No. 16-cv-05541-JST; the Court related the cases.  (*See* ECF No. 11.)

On February 11, 2021, Ms. Tolstedt filed a motion to dismiss the second claim in the complaint on the ground that the complaint fails to allege a violation of Section 17(a) of the Securities Act.  That motion will be fully briefed on March 4.

The parties do not currently anticipate other significant motions practice until summary judgment.

**5.   Amendment of Pleadings**

To date, the only pleading filed is the SEC's complaint (ECF No. 1).  The parties suggest that the last date to amend pleadings to add parties or claims should be April 30, 2021.

**6.   Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred and are continuing to meet and confer regarding steps to preserve evidence.

**7. Disclosures**

The parties are serving Initial Disclosures today.  In addition, the SEC has provided defendant with copies of transcripts of investigative testimony and the exhibits marked during the testimony taken during its investigation that preceded this case.

**8. Discovery**

The parties, through counsel, participated via conference call in a Fed. Rule Civ. Proc. 26(f) conference.  On February 2, 2021, Ms. Tolstedt served Requests for Production on the SEC seeking categories of documents that were produced or submitted to the SEC during its investigation of Wells Fargo, such as witness statements or testimony that the SEC received during its investigation, and documents relied on in the complaint.  The SEC has produced copies of transcripts of investigative testimony and exhibits, but has not provided Ms. Tolstedt with a timetable for producing additional documents covered by Ms. Tolstedt's requests; responses to the Requests are not due until March.

The parties are currently discussing a protective order to be entered in this case.

The parties further propose the following schedule for completion of discovery:

| Deadline | Date |
| --- | --- |
| Last Day of Fact Discovery | February 2, 2022 |
| Fed. Rule Civ. Proc. 26(a)(2) Expert Disclosures | March 15, 2022 |
| Rebuttal Expert Disclosures | April 27, 2022 |
| Last Day of Expert Discovery | May 27, 2022 |

The parties have discussed the limitations on discovery, and do not anticipate the need to alter the presumptive limitations, except that Ms. Tolstedt believes the number of depositions should not be limited to the presumptive 10 under the rules.

Ms. Tolstedt's position:  Ms. Tolstedt believes that each party should be permitted to take up to 35 depositions without first obtaining court approval.  This limit is appropriate given the scope of the allegations.  This case will likely involve millions of pages of documents, and

involves the public filings and business operations of one of the largest companies in the country,

Wells Fargo.  Based on counsel's inquiry to date, and without the benefit of discovery or a pre-

filing investigation, Ms. Tolstedt has already identified approximately 34 potential witnesses in her

initial disclosures.  Although the SEC brought this case despite having taken the testimony of only

5 individuals, none of whom held a formal financial reporting role, the SEC will list more

individuals as potential witnesses in its initial disclosures.

    The SEC's position:  The SEC does not believe any enlargement is needed, but is not

opposed to an enlargement of the limit to 20 depositions, twice the presumption in the rules;

however, the parties should not be permitted to take more than 20 without first obtaining court

approval.

**9.  Class Actions**

    Not applicable.

**10.  Related Cases**

    The Court related this case to the pending actions: *Gary Hefler, et al. v. Wells Fargo &*
*Co., et al*., No. 16-cv-05479-JST and *In re: Wells Fargo & Company Shareholder Derivative*
*Litigation*, No. 16-cv-05541-JST.  (*See* ECF No. 11.)

**11.  Relief Requested**

    The SEC seeks injunctive relief; a bar prohibiting defendant from acting as an officer or

director of a public company; disgorgement of ill-gotten gains; and civil monetary penalties.  The

SEC does not seek damages. The injunctive relief sought by the SEC includes injunctions against

future violations of the securities laws defendant is alleged to have violated. The SEC asserts that

the bar against acting as an officer or director is authorized by Section 20(e) of the Securities Act

[15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] if the

defendant is first found to have violated antifraud provisions (Exchange Act Section 10(b) and

Rule 10b-5, or Securities Act Section 17(a)(1)) of those respective Acts. The amount of any civil

monetary penalty is to be determined by the Court pursuant to the statutory, three-tier outline set

forth in Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange

Act [15 U.S.C. § 78u(d)(3)]. Disgorgement, as an equitable remedy, is also determined by the Court based on the proof of gains to the defendant flowing from any violations that are established.

The SEC asserts that Congress's recent amendment to the statute of limitations for certain claims by the SEC for disgorgement applies to this case. On January 1, 2021, Congress enacted Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283 ("NDAA"). Among other provisions, that statute amends Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), by establishing a 10-year statute of limitations for SEC disgorgement claims based on certain securities law violations, including claims under Exchange Act Section 10(b) [15 U.S.C. § 78j(b)], Securities Act Section 17(a)(1) [15 U.S.C. § 77q(a)(1)], and "any other provision of the securities laws for which scienter must be established." NDAA, Section 6501(a)(3), to be codified at 15 U.S.C. § 78u(d)(8)(A)(ii). The NDAA also established a 10-year statute of limitations for SEC claims for other equitable relief such as injunctions and bars. *Id.*, to be codified at 15 U.S.C. § 78u(d)(8)(B). The NDAA provides that its provisions "shall apply with respect to any action or proceeding that is pending on, or commenced on or after, the date of enactment of this Act." NDAA, Section 6501(b). Ms. Tolstedt presently does not contest that the revised statutes of limitations described above apply to this case.

**12.  Settlement and ADR**

The parties have discussed whether an early settlement process would be useful. The SEC is willing to defer to the defendant's preference regarding the timing of settlement discussions. Ms. Tolstedt believes that ADR processes will not be useful until the close of discovery, and that a private mediator would prove most conducive to resolution of the case at that time. The SEC believes that among the ADR options, a Settlement Conference before a Magistrate Judge would prove the most useful. The parties are continuing to discuss the ADR options.

**13.  Consent to Magistrate Judge for All Purposes**

Whether all the parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ___Yes   _X_ No

**14.  Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

It is unclear at this point whether, or how, issues might be narrowed before a trial. After the parties have completed discovery, the parties may have a better understanding of whether there will be opportunities to narrow issues including through appropriate motions.

**16.  Expedited Trial Procedure**

The parties believe that the Expedited Trial Procedure of General Order No. 64 would not be appropriate for this case.

**17.  Scheduling**

The parties have agreed on a discovery schedule, set forth above, but have not agreed upon a pre-trial or trial schedule.  Below are the SEC's and Ms. Tolstedt's respective suggested schedules and explanations.

SEC's Suggested Pre-Trial and Trial Schedule and Brief Explanation

| | |
|---|---|
| Last Day to Hear Dispositive Motions | June 15, 2022 |
| Pre-Trial Conference | August 12, 2022 |
| Trial Commences | September 12, 2022 |

The SEC would like a trial to occur as soon as practical after the close of discovery, and believes that the above schedule provides an ample cushion. While circumstances, such as other cases before the Court, might ultimately result in a longer schedule, this case will be heard most expeditiously if the parties plan for, and are ready for, a trial by the fall of 2022.

Ms. Tolstedt's Suggested Pre-Trial and Trial Schedule and Brief Explanation

| | |
|---|---|
| Summary Judgment Briefing Complete | August 26, 2022 |
| Last Date to Hear Dispositive Motions | October 6, 2022 |
| Pre-Trial Conference | January 20, 2023 |
| Trial Commences | January 30, 2023 |

Ms. Tolstedt shares the SEC's interest in resolving this case expeditiously, but the SEC's proposed schedule is not realistic.  By placing the last date for oral argument on summary judgment less than three weeks after the end of expert discovery, it effectively forecloses summary-judgment briefing on a complete discovery record.  Ms. Tolstedt's proposed schedule addresses both this concern and the Court's requirement of a four-brief process if cross summary-judgment motions are filed.  The proposed trial date reflects the goal of incorporating in pre-trial filings the effects of any decisions by the Court reached in connection with summary judgment.

**18. Trial**

The SEC estimates that trial in this case will require approximately 2 weeks. Ms. Tolstedt estimates that the trial will require approximately 6 to 8 weeks and will request a jury trial.

**19. Disclosure of Non-party Interested Entities or Persons**

The SEC is not subject to the requirements of Civil Local Rule 3-15; Ms. Tolstedt entered a Certificate of Interested Persons on February 11, 2021.

**20. Professional Conduct**

The attorneys of record for the undersigned parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  February 16, 2021                    Respectfully submitted,


                                    /s/ Susan F. LaMarca
                                    Susan F. LaMarca
                                    Attorney for Plaintiff
                                    SECURITIES AND EXCHANGE COMMISSION


                                    /s/ Enu Mainigi
                                    Enu Mainigi (*pro hac vice*)
                                    John S. Williams (*pro hac vice*)
                                    WILLIAMS & CONNOLLY LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jeffrey E. Faucette (No. 193066)
SKAGGS FAUCETTE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 295-1197
Facsimile: (888) 980-6547
E-mail: jeff@skaggsfaucette.com

*Attorneys for Defendant Carrie L. Tolstedt*