MONIQUE C. WINKLER (Cal. Bar No. 213031)
  winklerm@sec.gov
SUSAN F. LAMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
REBECCA LUBENS (Cal. Bar No. 240683)
  lubensr@sec.gov
ERIN E. WILK (Cal. Bar No. 310214)
  wilke@sec.gov
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500 (Telephone)
(415) 705-2501 (Facsimile)

ENU MAINIGI (*pro hac vice*)
JOHN S. WILLIAMS (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC  20005-5901
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
E-mail: emainigi@wc.com
E-mail: jwilliams@wc.com
*Attorneys for Defendant Carrie L. Tolstedt*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 20-cv-07987-JST |
| Plaintiff, | |
| vs. | JOINT SUPPLEMENTAL CASE MANAGEMENT STATEMENT |
| CARRIE L. TOLSTEDT, | Date:  Tuesday, December 14, 2021 |
| Defendant. | Time:  2:00 p.m.<br>Location:  Courtroom 6, 2d Floor<br>1301 Clay Street<br>Oakland, CA 94612 |
| | Honorable Jon S. Tigar |

Pursuant to Civil Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California, Plaintiff Securities and Exchange Commission (the "SEC"), and Defendant Carrie L. Tolstedt jointly submit this Joint Supplemental Case Management Statement in anticipation of the further Case Management Conference on December 14, 2021 at 2:00 p.m.

The parties are in the process of conducting discovery, which is scheduled to close in August 2022.  The parties are not aware of any issue that currently requires the Court's intervention.

### 1. Jurisdiction and Service

The SEC alleges that this Court has jurisdiction over the SEC's claims, each brought under the federal securities laws, pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a), and Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78u(d), 78u(e) and 78aa.  On November 13, 2020, through her counsel, Ms. Tolstedt waived service of process.  (*See* ECF No. 004.)  Ms. Tolstedt does not presently contest this Court's jurisdiction.

### 2. Facts

<u>Statement by the SEC:</u>  The SEC alleges that from approximately 2013 through mid-2016, while acting as Senior Executive Vice President of Community Banking at Wells Fargo & Company ("Wells Fargo"), the defendant engaged in a course of conduct, including making statements or omissions of material fact to investors, which violated the antifraud and related provisions of the federal securities laws.  As described in the SEC's complaint, Wells Fargo claimed at the time that its business strategy was to sell to retail banking customers products that they needed, wanted, and used, and that it measured its success through its "cross-sell metric," touted as a key performance indicator that it reported in public filings.  Ms. Tolstedt described the cross-sell metric and Wells Fargo's cross-sell strategy during investor conferences, and each quarter she reviewed and weighed in on the reported metric and the statements Wells Fargo's Community Bank made in its SEC filings and reports to shareholders about the metric and the cross-sell strategy, including by providing sub-certifications as to the accuracy of those filings and reports.

The SEC alleges that contrary to the public statements, Wells Fargo's Community Bank opened millions of accounts for retail banking customers, or sold them products, that were unauthorized or fraudulent, or which were unneeded and unwanted.  The unused accounts and products artificially and materially inflated the Community Bank's cross-sell metric. As detailed in the SEC's complaint, at several points between 2013 and mid-2016, when Ms. Tolstedt left Wells Fargo, Ms. Tolstedt acknowledged or discussed internally with close associates at Wells Fargo that the cross-sell metric included idle accounts, accounts that were the result of problematic sales practices, and that the bank needed to align its reported metric with reality.  However, when addressing board members, investors, analysts who tracked Wells Fargo's stock, and even when providing her necessary and important input into Wells Fargo's required periodic reports to shareholders (including her quarterly sub-certifications as to the accuracy of the filings), Ms. Tolstedt willingly embraced a very different picture that misled investors.  The SEC thus alleges that in engaging in this course of conduct, including by making materially false and misleading statements during 2014, 2015, and in 2016, Ms. Tolstedt acted either intentionally, or with reckless disregard for the truth.

Statement on behalf of Ms. Tolstedt:  Ms. Tolstedt is not liable.  The documents and statements to which the SEC refers in its complaint speak for themselves.  The documentary evidence and testimony from percipient witnesses will show that Ms. Tolstedt did not make any misrepresentations, did not act with scienter, and did not substantially assist in any purported misrepresentation by Wells Fargo.

**3. Legal Issues**

The SEC's position: The SEC alleges violations of the securities laws by the defendant in four causes of action: primary violations, or as an aider and abettor of Wells Fargo, of Exchange Act Section 10(b) and Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]; primary violations of Securities Act Section 17(a) [15 U.S.C. § 77q(a)]; aiding and abetting Wells Fargo's violations of the requirements that public companies file accurate period reports under Section 13(a) of the Exchange Act and Rules 13a-1, 13a-13, and 12b-20 [15 U.S.C. § 78m(a), and 17 C.F.R. §§ 240.13a-1, 240.13a-13, and 240.12b-20]; and aiding and abetting Wells Fargo's

violations of the requirement that public companies make and keep accurate books, records, and accounts under Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

Ms. Tolstedt's position:  Ms. Tolstedt asserts that the SEC will not be able to prove the elements of its claims.  In addition to the ultimate questions of whether Ms. Tolstedt is liable under the aforementioned provisions of the federal securities laws, the following, subsidiary legal issues arise:  (1) whether the statements attributed to Ms. Tolstedt give rise to a duty to disclose additional information; (2) whether the statements attributed to Ms. Tolstedt are material; (3) whether the statements attributed to Wells Fargo are false or give rise to a duty to disclose additional information; (4) whether the statements attributed to Wells Fargo are material; (5) whether Ms. Tolstedt provided substantial assistance to any material and misleading statements by Wells Fargo; (6) whether Ms. Tolstedt acted with the requisite scienter; (7) whether Ms. Tolstedt acted in the offer or sale of securities; and (8) whether Ms. Tolstedt obtained money by means of misstatements or omissions.

**4.  Motions**

The following motions have been filed to date:

On November 16, 2020, the SEC filed an administrative motion to consider whether this case should be related to the pending actions, *Gary Hefler, et al. v. Wells Fargo & Co., et al.*, No. 16-cv-05479-JST and *In re: Wells Fargo & Company Shareholder Derivative Litigation*, No. 16-cv-05541-JST; the Court related the cases.  (*See* ECF No. 11.)

On February 11, 2021, Ms. Tolstedt filed a motion to dismiss the second claim in the complaint on the ground that the complaint fails to allege a violation of Section 17(a) of the Securities Act; the Court denied the motion.  (*See* ECF No. 35.)

The parties do not currently anticipate other significant motions practice until summary judgment.

**5.  Amendment of Pleadings**

The Court established July 30, 2021 as the last date to amend pleadings (subject to a party's motion to amend for good cause), and no amendments were offered prior to that date.

**6.  Evidence Preservation**

1     The parties have reviewed the Guidelines Relating to the Discovery of Electronically

2    Stored Information, and have met and conferred and are continuing to meet and confer regarding

3    steps to preserve evidence.

4      **7.  Disclosures**

5     The parties served Initial Disclosures in February 2021.

6      **8.  Discovery**

7     In the Court's Scheduling Order (ECF No. 37), August 2, 2022 was set as the last day of

8    fact discovery. To date, the following discovery requests have been served:

9     On February 2, 2021, Ms. Tolstedt served her First Requests for Production of Documents

10   on the SEC.  The SEC has produced documents responsive to these requests.  On October 7, 2021,

11   Ms. Tolstedt served her Second Requests for Production of Documents on the SEC.  The SEC has

12   served responses and objections to these requests, which the parties are continuing to discuss.

13     On March 11, 2021, the SEC served its First Requests for Production of Documents on Ms.

14   Tolstedt.  Ms. Tolstedt has produced documents responsive to these requests.

15     In October, November, and December 2021, Ms. Tolstedt served third party subpoenas for

16   documents on Wells Fargo; PriceWaterhouseCoopers, LLP; Accenture LLP; and KPMG LLP.

17     **9.  Class Actions**

18     Not applicable.

19    **10. Related Cases**

20     The Court related this case to the pending actions: *Gary Hefler, et al. v. Wells Fargo &*

21   *Co., et al*., No. 16-cv-05479-JST, and *In re: Wells Fargo & Company Shareholder Derivative*

22   *Litigation*, No. 16-cv-05541-JST.  (*See* ECF No. 11.)

23    **11. Relief Requested**

24     The SEC seeks injunctive relief; a bar prohibiting defendant from acting as an officer or

25   director of a public company; disgorgement of ill-gotten gains; and civil monetary penalties.  The

26   SEC does not seek damages. The injunctive relief sought by the SEC includes injunctions against

27   future violations of the securities laws defendant is alleged to have violated. The SEC asserts that

28   the bar against acting as an officer or director is authorized by Section 20(e) of the Securities Act

1   [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] if the

2   defendant is first found to have violated antifraud provisions (Exchange Act Section 10(b) and

3   Rule 10b-5, or Securities Act Section 17(a)(1)) of those respective Acts. The amount of any civil

4   monetary penalty is to be determined by the Court pursuant to the statutory, three-tier outline set

5   forth in Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 21(d) of the Exchange

6   Act [15 U.S.C. § 78u(d)(3)]. Disgorgement, as an equitable remedy, is also determined by the

7   Court based on the proof of gains to the defendant flowing from any violations that are established.

8           The SEC asserts that Congress's recent amendment to the statute of limitations for certain

9   claims by the SEC for disgorgement applies to this case. On January 1, 2021, Congress enacted

10  Section 6501 of the National Defense Authorization Act for Fiscal Year 2021, Pub. L. No. 116-283

11  ("NDAA"). Among other provisions, that statute amends Section 21(d) of the Securities Exchange

12  Act of 1934 ("Exchange Act"), by establishing a 10-year statute of limitations for SEC

13  disgorgement claims based on certain securities law violations, including claims under Exchange

14  Act Section 10(b) [15 U.S.C. § 78j(b)], Securities Act Section 17(a)(1) [15 U.S.C.  § 77q(a)(1)],

15  and "any other provision of the securities laws for which scienter must be established." NDAA,

16  Section 6501(a)(3), to be codified at 15 U.S.C. § 78u(d)(8)(A)(ii). The NDAA also established a

17  10-year statute of limitations for SEC claims for other equitable relief such as injunctions and bars.

18  *Id.*, to be codified at 15 U.S.C. § 78u(d)(8)(B). The NDAA provides that its provisions "shall apply

19  with respect to any action or proceeding that is pending on, or commenced on or after, the date of

20  enactment of this Act." NDAA, Section 6501(b).  Ms. Tolstedt presently does not contest that the

21  revised statutes of limitations described above apply to this case.

22      **12.  Settlement and ADR**

23          The parties have discussed whether an early settlement process would be useful.  The SEC

24  is willing to defer to the defendant's preference regarding the timing of settlement discussions.

25  Ms. Tolstedt believes that ADR processes will not be useful until the close of discovery, and that a

26  private mediator would prove most conducive to resolution of the case at that time.  The SEC

27  believes that among the ADR options, a Settlement Conference before a Magistrate Judge would

28  prove the most useful.  The parties are continuing to discuss the ADR options.

In the Court's Scheduling Order (ECF No. 37), the Court did not set a date or deadline for mediation.

**13.  Consent to Magistrate Judge for All Purposes**

Whether all the parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ___Yes   _X_   No

**14.  Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

It remains unclear at this point whether, or how, issues might be narrowed before a trial. After the parties have completed discovery, the parties may have a better understanding of whether there will be opportunities to narrow issues including through appropriate motions.

**16.  Expedited Trial Procedure**

The parties believe that the Expedited Trial Procedure of General Order No. 64 would not be appropriate for this case.

**17.  Scheduling**

In the Court's Scheduling Order (ECF No. 37), the following discovery, pre-trial and trial deadlines were established:

| Event | Deadline |
|---|---|
| Fact discovery cut-off | August 2, 2022 |
| Mediation deadline | To be determined |
| Expert disclosures | September 15, 2022 |
| Expert rebuttal | October 27, 2022 |
| Expert discovery cut-off | December 5, 2022 |
| Dispositive motion briefing complete | March 24, 2023 |
| Dispositive motion hearing deadline | May 23, 2023 |
| Pretrial conference statement due | August 18, 2023 |

| Pretrial conference | August 25, 2023, 2 p.m. |
|---|---|
| Trial | September 18, 2023, 8 a.m. |

**18. Trial**

This case is scheduled for a jury trial of approximately 16 days in length to commence September 18, 2023 at 8:00 a.m.

**19. Disclosure of Non-party Interested Entities or Persons**

The SEC is not subject to the requirements of Civil Local Rule 3-15; Ms. Tolstedt entered a Certificate of Interested Persons on February 11, 2021.

**20. Professional Conduct**

The attorneys of record for the undersigned parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  December 7, 2021                              Respectfully submitted,


                                                     /s/ Susan F. LaMarca
                                                     Susan F. LaMarca
                                                     Attorney for Plaintiff
                                                     SECURITIES AND EXCHANGE COMMISSION


                                                     /s/ Enu Mainigi
                                                     Enu Mainigi (*pro hac vice*)
                                                     John S. Williams (*pro hac vice*)
                                                     WILLIAMS & CONNOLLY LLP

                                                     Jeffrey E. Faucette (No. 193066)
                                                     SKAGGS FAUCETTE LLP
                                                     Four Embarcadero Center, Suite 1400
                                                     San Francisco, CA 94111
                                                     Telephone: (415) 295-1197
                                                     Facsimile: (888) 980-6547
                                                     E-mail: jeff@skaggsfaucette.com

                                                     *Attorneys for Defendant Carrie L. Tolstedt*